UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 11-20386

        HON. GEORGE CARAM STEEH

LAWRENCE SAMPLE,

        Defendant.

_____/

ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXCLUDE HEARSAY STATEMENTS AND IDENTIFICATIONS BY CONFIDENTIAL INFORMANTS [DOC. 49] AND DENYING DEFENDANT'S MOTION FOR SEVERANCE [DOC. 50]

    Defendant Lawrence Sample filed two pre-trial motions on May 21, 2012. Defendant seeks to exclude hearsay statements and identifications by confidential informants, and to sever the fourteen counts against him into four separate trials. The government filed responses to the motions. The court has determined that oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

    The government does not oppose defendant's motion in limine seeking to exclude from trial all hearsay statements and identifications made by confidential informants. To this end, the government stipulates that it will not elicit testimony from law enforcement witnesses regarding statements made by confidential informants and offer such statements "for the truth of the matter asserted." The government reserves the right to offer statements or information provided by confidential informants to the extent they are admissible for non-hearsay purposes. Now, therefore,

IT IS HEREBY ORDERED THAT defendant's motion in limine to exclude hearsay statements and identifications by confidential informants is GRANTED as to statements and identifications offered for the truth of the matter asserted.

In his motion for severance, defendant argues that the multiple counts against him should be separated for trial by the date on which the search warrants that lead to each count were executed.

- On June 22, 2010, a search warrant was executed on Teppert Street which resulted in the seizure of drugs and firearms. This search forms the basis of counts one through six.

- On September 9, 2010, agents executed a search at an address on Woodlawn. A firearm was seized, which forms the basis of count seven.

- On May 10, 2011, agents executed a search warrant on Farmbrook. This search lead to the charge of possession with intent to distribute cocaine and unlawful possession of a firearm, which form the basis of counts eight and nine.

- On May 31, 2011, agents conducted a raid on an apartment on West McNichols Street. Agents seized drugs and a firearm which form the basis for counts ten through fourteen.

Federal Rule of Criminal Procedure 8(a) provides for joinder of charges against a defendant where the offenses charged "are of the same or similar character, or [are] based on the same or similar act or transaction, or are connected with or constitute parts of a common scheme or plan." In this case, the charges are firearms and narcotics trafficking. Joinder has been ruled appropriate where "the firearms charges and the drug charges are 'sufficiently connected temporally or logically to support the

conclusion that the two crimes are part of the same transaction or plan,' as when guns are used in connection with the drug offense or when both guns and drugs are uncovered in the same search." United States v. Chavis, 296 F.3d 450, 462 (6th Cir. 2002) (citing United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987).  This is because firearms are "tools of the trade" for narcotics traffickers.  Id.

From June 2010 to May 2011, defendant was the target of a long-term investigation conducted by DEA Group 2.  The government argues that from the face of the indictment, it is clear that the crimes charged are of the same or similar character, or are connected with or constitute parts of a common scheme or plan, i.e., drug trafficking while armed.

Federal Rule of Criminal Procedure 14(a) provides that a court may order separate trials of counts if joinder of offenses for trial appears to prejudice a defendant or the government.  Where the counts in the indictment are "factually intertwined," the risk of possible prejudice declines because much of the evidence from each count will be admissible in the trial of the other counts.  United States v. Jacobs, 244 F.3d 503, 506 (6th Cir. 2001).  In this case, defendant has failed to identify a specific prejudice that would arise from a single trial on all counts.

A jury is presumed capable of considering each count separately.  United States v. Rugiero, 20 F.3d 1387, 1391 (6th Cir. 1994).  The Sixth Circuit Criminal Pattern Jury Instruction 2.01A has been found sufficient to overcome any prejudice resulting from joinder of unrelated crimes against a defendant.  United States v. Chavis, 296 F.3d 450, 462 (6th Cir. 2002).  The charges in the indictment are identified by date, making it easy

for the jury to differentiate between the searches and evidence recovered from defendant's four residences.

Finally, judicial economy weighs strongly in favor of trying all of the counts in the indictment together. The investigation and searches of defendant's residence were all conducted by DEA Group 2, so the same agents will testify about all four searches. Keeping the counts together for trial will avoid multiplicity of litigation, which weighs in favor of the public interest.

IT IS HEREBY ORDERED that defendant's motion for severance is DENIED.

Dated: June 12, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 12, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk